UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEOFFREY MEYERKORD, on behalf of himself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:05CV494 RWS<br>) |
| WHIRLPOOL CORPORATION and SAM ABDELNOUR, | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Geoffrey Meyerkord filed this law suit in the Circuit Court of the City of St. Louis. His state court petition alleges that he owns a Whirlpool dishwasher that has a serious safety defect. He filed suit on his own behalf, and on behalf of other similarly situated owners of Whirlpool dishwashers that were manufactured from May 2004 through December 2004. This case was removed to this Court by Defendants Whirlpool and Abdelnour. Whirlpool invokes the Court's jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Whirlpool asserts that the jurisdictional requirements of the Magnuson Moss Warranty Act, 15 U.S.C. 2301 *et seq.* have been met which vests this Court with original jurisdiction. Alternatively, Whirlpool argues that diversity jurisdiction has been established in this case.

Meyerkord seeks to remand the case arguing that federal subject matter jurisdiction is lacking under either the Magnuson Moss Warranty Act or under section 1332. Because I am without jurisdiction to preside over this case I will grant Meyerkord's motion to remand.

*Background*

In his state court petition, Meyerkord alleges that from May 2004 through December 2004 Whirlpool manufactured thousands of dishwashers that contain a serious, common defect. The defect concerns the washer motor and the heater design. He sued Whirlpool and its vice - president for United States sales, Sam Abdelnour (hereinafter "Whirlpool"). Meyerkord has brought this suit on his own behalf, as well as on behalf of a class of individuals who own these allegedly defective dishwashers. He alleges that Whirlpool is aware of the defects in these dishwashers but has failed to issue a recall or otherwise offered to fix the dishwashers.

Meyerkord seeks compensation for all members of the class for the "financial and other costs incurred by them as a result of their purchase of appliances with the defect." Meyerkord's state court petition does not allege that any personal injuries or property damage occurred as a result of the defect. The suit is limited to claims arising from the cost of dealing with the repair of the dishwashers when they fail and the inconvenience of being "forced to be without the appliance until it can be repaired." In the alternative, the suit seeks the replacement cost for a new dishwasher. Although the state court petition does not state the cost of a new dishwasher or the cost of the repairs and the cost of the inconvenience associated with "appliance downtime," it is apparent that the *actual* damages at issue could be no more than three to four thousand dollars.

Meyerkord's five count petition consists of state law claims of breach of implied warranty, breach of express warranty, violations of various states' consumer protection statutes, and fraudulent concealment. The petition also has one count under the federal Magnuson Moss Warranty Act, 15 U.S.C. 2301 *et seq.* (the "MMWA"). This statute only confers jurisdiction in federal court under certain circumstances. Meyerkord's prayer for relief at the close of his

petition states that the damages sought are less than $50,000 per class member including, interests, costs, and attorney's fees.

Whirlpool removed the case to this Court asserting that the jurisdictional prerequisites of the MMWA have been met. As an alternative, Whirlpool asserts that the diversity jurisdiction requirements of 28 U.S.C. § 1332 have been established in this case.

*Legal Standard*

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). A claim may be removed only if it could have been brought in federal court originally. Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id.

In the present suit, Whirlpool asserts that federal jurisdiction is based on the MMWA and diversity of citizenship.

*The Magnuson Moss Warranty Act*

The Magnuson Moss Warranty Act governs written warranties on consumer products. Congress adopted that Act to make warranties on consumer products more readily understandable and enforceable, and to provide the Federal Trade Commission with means to better protect consumers. Automobile Importers of America, Inc. v. State of Minn., 871 F.2d 717, 718 (8th Cir. 1989). The Act provides for federal district court jurisdiction of certain consumer claims. See 15 U.S.C. § 2310(d)(1)(B). However, federal jurisdiction of such claims is

subject to minimal requirements including a $50,000 amount in controversy requirement. 15 U.S.C. § 2310(d)(3)(B). In addition, federal jurisdiction does not vest if an action is brought as a class action suit and the number of named plaintiffs is less than one hundred. 15 U.S.C. § 2310(d)(3)©. A failure to meet either of these requirements fails to vest jurisdiction in federal court under the MMWA.

Meyerkord's petition is brought as a class action claim. The only named defendant in this lawsuit is Meyerkord. For a federal court to have jurisdiction under section 2310(d)(3)©, the one hundred plaintiffs must be named in the complaint and must exist at the time the petition for removal is filed. See Schwiesow v. Winston Furniture Co., Inc., 74 F. Supp. 2d 544, 547 (M.D. N.C. 1999 ); See also Watts v. Volkswagen Artiengesellschaft, 488 F. Supp. 1233, 1236 (W. D. Ark. 1980). Because the number of named defendants in this lawsuit is less than one hundred, federal jurisdiction is not established under the MMWA.

*Diversity Jurisdiction*

To invoke diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

When the amount in controversy can be determined with complete accuracy, as in cases involving liquidated damages or statutory limits on damages, a federal court should only dismiss the complaint if it appears to a legal certainty that the claim is really for less than the jurisdictional limit. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002). More often than not, however, cases removed from state court do not allege a specific amount of damages. Instead, the cases simply allege that the damages are in excess of the state circuit court's jurisdictional minimum. Frequently, such pleadings do not clearly indicate whether the amount in controversy meets the

federal jurisdictional limit of greater than $75,000. When a remand is sought in these cases, the burden falls upon the party opposed to remand to establish that the amount in controversy exceeds $75,000. That party must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. Id.

In the present case the parties do not dispute that they are citizens of different states. The jurisdiction dispute concerns the amount in controversy.

Meyerkord's state court petition seeks damages for the replacement cost of the dishwashers or the cost of the repairs and the cost of the inconvenience associated with "appliance downtime." The *actual* damages at issue for each class action plaintiff could be no more than three to four thousand dollars. For federal diversity jurisdiction to attach to a class action suit, at least one named plaintiff's damages must satisfy the amount-in-controversy requirement. Exxon Mobile Corp. v. Allapattah Services, Inc., 125 S. Ct. 2611 (2005).

Punitive damages claims of the individual members of a class generally may not be aggregated to satisfy jurisdictional prerequisites. Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 765 (8th Cir. 2001). Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction. Id. at 766. The potential amount of recovery of attorney fees must be divided between the members of the class for purposes of determining the amount in controversy. Id.

The actual damages in this case, per class member, are no more than a few thousand dollars. Assuming that punitive damages may be recovered, such an award may not be aggregated for jurisdictional purposes because the purported class members would have separate

claims for punitive damages.  Id.  If attorney's fees are recovered they must be apportioned to the members of the class.  As a result, even if actual and punitive damages and attorney's fees are recovered in this matter, the amount would be well below $75,000 per class member.[1]  Consequently, the removal of this case cannot be sustained on diversity jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Geoffrey Meyerkord's Motion to Remand [#6] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2005.

---

[1] Whirlpool offered an exhibit filed in a similar Illinois lawsuit which purports to establish that each class member's actual damages is in excess of $50,000.  I do not agree with Whirlpool's conclusion.  That case, however similar to the present case, was not filed by Plaintiff's attorneys in the present case.  In addition, the exhibit offered by Whirlpool deals with simplifying discovery and does not establish jurisdictional limitations.